IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALICE M. MOSES, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Case No: 2:09-cv-671 |
| | : | |
| MARIBETH BLACK MOSES, et. al., | : | JUDGE MARBLEY |
| | : | |
| | : | MAGISTRATE JUDGE ABLE |
| Defendants. | : | |

**OPINION AND ORDER**

**I. INTRODUCTION**

This matter is before the Court on Defendant Aetna Life Insurance Company's ("Aetna") Motion to Dismiss (Dkt. 13). Aetna moves to dismiss Plaintiff Alice M. Moses' ("Plaintiff") Complaint (Dkt. 3), on the grounds that Plaintiff's state law claims are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1000, *et. seq.* ("ERISA"). For the reasons stated below, Aetna's Motion to Dismiss is **GRANTED**, and the remaining Count against Defendant Maribeth Moses in Plaintiff's Complaint is **REMANDED** to Franklin County Court of Common Pleas.

**II. BACKGROUND**

Plaintiff resides in Franklin County, Ohio. Aetna is a corporation organized under the laws of Connecticut and conducts business in Ohio. Maribeth Moses resides in Nueces County, Texas, and is the widow of Charles J. Moses ("Mr. Moses"), Plaintiff's ex-husband. On September 27, 2000, Plaintiff terminated her marriage to Mr. Moses when he was granted a

divorce decree in the Franklin County Court of Common Pleas. As part of the divorce decree, Mr. Moses was to "designate the Defendant [Plaintiff, Alice M. Moses] as beneficiary of one-half his AEP term life insurance so long as there is a duty to pay spousal support and so long as available." (Pl.'s Comp., Ex. A at 4.) By the terms of the divorce decree, the duty to pay spousal support "shall terminate upon the first of the following to occur: the death of the Plaintiff [Mr. Moses], the death of the Defendant [Plaintiff, Alice M. Moses], the remarriage of the Defendant, or other reasons the Court may find as just and equitable." (*Id.* at 2.) The AEP term life insurance policy was included in the employee welfare benefit plan ("the Plan") established and maintained by AEP for the benefit of its employees, including Mr. Moses. Aetna was the underwriter for the Plan's term life insurance.

The Complaint alleges that on or about September 2000, Mr. Moses married Maribeth Moses, and on November 26, 2003, designated Maribeth Moses as the beneficiary of his AEP term life insurance policy in violation of the divorce decree. Mr. Moses passed away on October 31, 2007, and upon his death, Aetna paid all of the proceeds from the life insurance policy to Maribeth Moses. Plaintiff contends that at the time of Mr. Moses' death, Plaintiff had never remarried, was eligible for spousal support, and, therefore, was entitled to be the designated beneficiary of one half of the proceeds of Mr. Moses' term life insurance policy.

Plaintiff brings two counts, grounded in Ohio state law: count one alleges that Aetna knew or should have known that Plaintiff was the proper beneficiary for one half of Mr. Moses' AEP life insurance proceeds, and that Aetna improperly paid the entirety of the proceeds to Defendant Maribeth Moses ("Maribeth Moses"); count two alleges that Maribeth Moses knew or should have known that Plaintiff was due one half of the life insurance proceeds, that Maribeth

Moses improperly accepted the life insurance proceeds, that Maribeth Moses failed to notify Aetna that Plaintiff had an interest in the proceeds, and that Maribeth Moses has been unjustly enriched by retaining the proceeds. In her Complaint, Plaintiffs seeks: 1) from Maribeth Moses and Aetna, jointly and severally, one half the value of the AEP term life insurance proceeds; 2) an Order from this Court imposing a constructive trust; and 3) an award of attorney fees and all costs.

Aetna removed Plaintiff's original complaint to this Court on July 31, 2009, and filed its Motion to Dismiss, based on ERISA preemption, on September 8, 2009.

### III. STANDARD OF REVIEW

A case may be dismissed if the complaint does not state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). "A motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). Consequently, the Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008)*; Murphy v. Sofamor Danek Gp.,Inc.*, 123 F.3d 394, 400 (6th Cir. 1997). However, the Court is not required to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 127 S. Ct. 1955 (2007)).

Although liberal, the Rule 12(b)(6) standard requires more than the bare assertion of legal conclusions to survive a motion to dismiss. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir.

1993) (citation omitted). The complaint must "'give the defendant fair notice of what the claim is, and the grounds upon which it rests.'" *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007)). While a complaint need not contain "detailed factual allegations," its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007). A complaint that suggests "the mere possibility of misconduct" is insufficient; rather, the complaint must state "a plausible claim for relief." *Iqbal*, 129 S.Ct. at 1950 (*citing Twombly*, 550 U.S at 556).

## IV. LAW AND ANALYSIS

Aetna asks this Court to dismiss Plaintiff's claims against it because her claims are based entirely in state law, and are, therefore, preempted by ERISA. ERISA is a federal statute enacted by Congress to exclusively regulate "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer...for the purpose of providing for its participants or their beneficiaries, through the purchase of *insurance* or otherwise, medical...benefits, or benefits in the event of sickness...*death*..." 29 U.S.C. § 1002.1 (emphasis added); *see also Crosby v. Rohm & Haas Co.*, 480 F.3d 423, 428 (6th Cir. 2007) ("ERISA sets forth a comprehensive national framework by which companies may provide health and welfare plans to their employees."). Aetna contends, and Plaintiff does not contest, that AEP was Mr. Moses' employer, as defined under ERISA, that Mr. Moses was a beneficiary under AEP's Plan, and that the term life insurance, underwritten by Aetna, was part of the employee welfare benefit package offered by AEP to employees. Accordingly, the Plan, including Mr. Moses' term life insurance, is regulated by ERISA.

Having determined that the life insurance policy at issue in this case is regulated by ERISA, this Court must address the issue of whether Plaintiff's state law claims are related to the Plan such that they are preempted by ERISA. The remedies enumerated in ERISA are exclusive, and ERISA preempts all state common law and statutory remedies related to an ERISA plan. 29 U.S.C § 1144(a); *Zuniga v. Blue Cross and Blue Shield of Michigan*, 52 F.3d 1395, 1401 (6th Cir. 1995) (holding that "ERISA preempts state law claims that relate to any employee benefit plan. The pre-emption clause is conspicuous for its breadth...") (citing to *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987); *FMC Corp. v. Holliday*, 498 U.S. 52, 58 (1990)). In this case, Aetna argues that because Plaintiff's claims rely on the existence of the Plan in order to establish any right to relief, her claims are related to the Plan and are preempted. Although she does not cite to any case law, Plaintiff's response to this argument is that: 1) under the divorce decree, the life insurance benefit to Plaintiff did not require a Qualified Domestic Relations Order ("QDRO") to Aetna; and 2) Plaintiff was not awarded an ownership interest in the insurance policy because it was conditioned on a continuing requirement of spousal support.

While Plaintiff is correct that QDRO's fall under an exemption provision in ERISA, ERISA preemption applies to divorce decrees, regardless of whether there is a QDRO or an ownership interest. In *Mattei v. Mattei*, 126 F.3d 794 (6th Cir. 1997), the Sixth Circuit held that "[i]n the context of divorces, ERISA preempts the terms of divorce decrees except to the extent that they constitute qualified domestic relations orders. Where there is no QDRO, we have repeatedly held that awards of property pursuant to divorce decrees must fall before conflicting designations of ERISA beneficiaries." *Id.* at 809; *see also Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676 (6th Cir. 2000)( "We have explicitly and

repeatedly held that state court divorce decrees purporting to affect the benefits payable from an ERISA plan are preempted."). More recently, in *Seamon v. Johnson*,[1] the Sixth Circuit clarified that a federal district court is not divested of jurisdiction where there is a valid QDRO, but rather that where there is a QDRO, ERISA "essentially incorpora[tes] the QDRO into the ERISA plan for the purpose of determining the appropriate beneficiary." 91 Fed.Appx. 465, 469 (6th Cir. Mar. 4, 2004). In sum, where there is a divorce decree – regardless of whether that decree is a valid QDRO – that affects the benefits payable from an ERISA plan, any claims arising from that decree relating to a benefit under the plan, are preempted by ERISA. In the case *sub judice*, Plaintiff claims that AETNA improperly distributed the proceeds for a life insurance policy under Mr. Moses' AEP ERISA Plan; therefore, under *Seamon* and *Mattei*, Plaintiff's state law claims against AETNA are preempted by ERISA. Any claim against AETNA relating to the disbursement of Mr. Moses' term life insurance would have to be brought under federal law pursuant to ERISA, 29 U.S.C. §1000, *et. seq.* Aetna's Motion to Dismiss is, accordingly,

---

[1]In *Seamon*, the Sixth Circuit upheld a district court's granting of summary judgment for the life insurance company of Mr. Johnson. Prior to his divorce, Mr. Johnson had named his ex-wife as the beneficiary of his plan. " *Seamon v. Johnson*, 91 Fed.Appx. 465, 469. The district court determined, however, that during Mr. Johnson's divorce, a valid QDRO was created, such that the QDRO controlled to whom the proceeds should be distributed, and erased Mr. Johnson's previous designation of his ex-wife. *Id.* Like the divorce decree between Plaintiff and Mr. Moses, the divorce decree at issue in *Seamon*, had named the deceased's children as a beneficiary, but only required that the children be named as beneficiaries as long as his duty of support remained. The duty of support, by the terms of the decree, expired at death. The district court found, therefore, that "the divorce decree operated to change the beneficiary; at his death, Decedent was no longer obligated to support the children." *Seamon v. Johnson*, 91 Fed.Appx. 465, 468-69. Thus, when Mr. Johnson passed away, the QDRO had erased his designation of his ex-wife, but then had expired by its terms, such that there was effectively no beneficiary designated on Mr. Johnson's policy at the time of his death. *Id.* at 469. As a result, the district court found that the Plan administrator was not in error when it distributed the proceeds of the life insurance policy to Mr. Johnson's estate. *Id.* at 471. The Sixth Circuit upheld the district court's finding. *Id.*

**GRANTED**.[2]

## V. CONCLUSION

For the reasons stated above, Aetna's Motion to Dismiss is **GRANTED**. The remaining count in Plaintiff's Complaint, Count 2 against Maribeth Moses, consists solely of state law claims. Accordingly, Plaintiff's case is **REMANDED** to the Franklin County Court of Common Pleas.

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
**ALGENON L. MARBLEY, JUDGE**
**United States District Court**

**DATE: April 19, 2010**

---

[2] In its Motion to Dismiss, Aetna further argues that, under ERISA, this Court should strike Plaintiff's claims for extracontractual damages and should strike Plaintiff's jury demand. Given that this Court dismisses Aetna and any claims related to ERISA entirely from the current action, these arguments are not addressed.